MATHES
v.
METAIRIE RIDGE NURSERY CO.

MATHES v. PAPWORTH
(Consolidated)

(May 7, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 53, 344; Brokers—Par. 2, 23.**

The burden of proof is upon the party who alleges the fact to be proven. A real estate agent suing on a verbal contract fails to sustain the burden of proof where the contract is supported by his testimony alone and denied by defendant's.

2. **Louisiana Digest—Brokers—Par. 2, 23; Evidence—Par. 345.**

The fact that all of defendant's witnesses are its stockholders, officers, or employees, is a circumstance to be considered in weighing their evidence, but not sufficient to destroy their testimony, particularly when the evidence is supported by the surrounding circumstances and appears reasonable and convincing.

Appeals from Civil District Court, Div. "D." Hon. Porter Parker, Judge, and from Twenty-fourth Judicial District Court in and for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by John W. Mathes against Metairie Ridge Nursery Co., Ltd., and John W. Mathes against Miss Elsie Papworth; consolidated cases.

There were judgments for defendants and plaintiff appealed.

Judgments affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellant.

W. W. Wall, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit by a real estate agent for a commission in the sum of $720.00.

Plaintiff, Mathes, called at the office of the defendant, Metairie Ridge Nursery Co., No. 135 Carondelet Street, this City, and obtained the signature of defendant's treasurer, Miss Elsie Papworth, to the following writing:

"JOHN W. MATHES
"Real Estate
"405 Carondelet St.
                    August 20, 1924.
"Metairie Ridge Nursery Co.,
"135 Carondelet St.
"City.
"Gentlemen:
"I have a client who offers to rent through me your building, No. 139 Carondelet St., for a period of 5 years at a monthly rental of $450.00, per month, payable in advance, lease to commence September, or October 1st, 1924. Tenant agrees to make own repairs.
"Also another client who offers to rent through me space on the upper floors measuring approximately 15'x45' for a period of five years at the rate of $50.00 per month.
"The tenants referred to are both very

desirable, and thoroughly responsible in every way.

"If you accept the above offer, I will expect you to pay me the usual commission of 4%. Hoping you will consider the above offers favorably, I beg to remain
"Yours very truly,
(Signed) "Jno. W. Mathes."

"We, The Metairie Ridge Nursery Company, Ltd., authorize John W. Mathes, Real Estate Agent, to close deal for rental of store for $550.00 and rear office 208 Metairie Court Building for the sum of $100.00.
(Signed) "Elsie Papworth,
"Treasurer."

It is not claimed that the building was rented by plaintiff under this agreement, but that subsequently Miss Papworth in a verbal agreement authorized plaintiff to rent the premises for $500.00 and that plaintiff procured a tenant willing and able to pay the latter sum, but defendant corporation refused to conclude the transaction through plaintiff and leased the property to his client through another real estate agent.

Plaintiff, upon this statement of fact, originally sued the Metairie Ridge Nursery Co. at its domicile in the Parish of Orleans. Following a judgment rendered by the Civil District Court dismissing plaintiff's action, another suit was filed in the 24th Judicial District Court for the Parish of Jefferson against Miss Papworth in which the sum of $720.00 was claimed as damages, upon the alleged ground that the judgment in the Civil District Court was based upon the finding that Miss Papworth had exceeded her authority in signing the contract with plaintiff, and consequently she was personally liable in damages. The suit in Jefferson Parish was also decided adversely to plaintiff and both judgments were appealed from and consolidated in this Court.

Before discussing the authority of Miss Papworth to bind her employer and other matters which assumed considerable proportion below, as is evidenced by the extensive record in both cases, which we have carefully considered, the question of plaintiff's authority to rent the premises for the price which he claims to have secured must first be determined. It is not pretended that plaintiff had any written authority to negotiate a lease upon that basis. His written authority of contract, giving the instrument all that is claimed for it, would have supported a demand for commission, if he had secured a tenant for the store and rear office for $650 per month. This he did not and apparently could not do. He says, however, that Miss Papworth subsequently in a conversation had in the presence of her father, made another agreement with him contemplating the lease of the store only for $500. But this alleged verbal agreement is denied by Miss Papworth and by her father. It is therefore supported only by plaintiff's statement. Considering that plaintiff must sustain the burden of proof, it is apparent that he has not done so. Plaintiff's counsel calls our attention to the fact that all of defendant's witnesses are interested either as employees of, or as stockholders in the defendant corporation, and that the only disinterested witness, Mrs. Stella Siebold McPherson, testified for plaintiff. Mrs. McPherson testified, it is pointed out, that she dealt only with plaintiff and that he alone induced her to rent the store of defendant. Assuming that Mrs. McPherson is a disinterested witness, a liberal concession, because she says she employed plaintiff, as her agent, and would therefore in the nature of things lean toward his interest in this suit, her testimony is unsatisfactory. She first denied that she had had anything to do with Garland Wolfe, the real estate agent of defendants, and subsequently admitted having much to do with him in negotiating for the lease.

Garland Wolfe, who according to the minutes of the corporation, had been retained by the corporation to effect a lease of the place, testified that he had obtained an offer from Mrs. McPherson of $500 long before plaintiff appeared on the scene, but that he was asking more; at one time $750, and later $600, and finally $500 was accepted. He is corroborated by the other witnesses for the defendant and by Mrs. McPherson, who reluctantly admitted his calling on her several times and discussing the lease. Defendant's witnesses are all connected with the business of the defendant corporation, as counsel points out, but it could hardly be otherwise under the circumstances, and while their interest must be considered in weighing their testimony, it can not destroy its effect especially, when, as in this case, it is most reasonable and convincing.

We conclude, as did the trial Judge, that plaintiff has failed to establish his claim.

The judgments appealed from are affirmed.